In the Matter of the Estate of MINOR C. KEITH, Deceased.

Surrogate's Court, Suffolk County, December 12, 1935.

*Austin, Austin, Wooley & DuPont,* for the objectant.

*White & Case,* for the executor.

PELLETREAU, S. The objections filed upon the executors' accounting by Edward G. McQueston raise an issue requiring a construction of the seventh clause of the will reading as follows:

" *Seventh.* I give, devise and bequeath to each of my executors and alternate executors herein named, living at the time of my death, the sum of Twenty-five thousand Dollars ($25,000.00) in cash, absolutely. The aforesaid bequests shall not be in lieu of commissions provided by law."

While the entire will must be examined, clause seventeenth thereof is especially corelated to clause seventh and reads as follows:

" *Seventeenth.* I nominate, constitute and appoint Henry B. Price, Herman E. Willer, Henry H. Hanson and John B. Pruyn, executors of this my Last Will and Testament. Whenever the number of the Executors of this my Will shall, by death, resignation, incapacity or any other cause, be less than three, I authorize the remaining executor or executors to appoint a new executor or executors, so as to keep the number not less than three, and to execute such instruments as may be necessary therefor; provided, however, that the successors to my executors specifically named shall be chosen, insofar as may be practicable, from the following list of persons, provided he or they shall be living and willing to accept such appointment: Bradley W. Palmer, Henry P. Keith, Edward McQueston, Robert Larson."

The question for determination is whether the $25,000 given under clause seventh to the objector is an administration expense, as claimed by the objector, or is a legacy as claimed by the executors. If the contention of the objector prevails, it will involve a payment of $200,000 as administration expense to the four executors and four alternates, as all must be treated alike, and one executor being deceased his estate would be entitled to his payment as he survived testator.

I am of the opinion that the specified amounts must be construed as legacies and not as expense of administration. In ascertaining

the intent of testator, as is necessary, it is significant that in creating these gifts he twice refers to them in clause seven as *bequests*. The word *bequest* means *legacy*. Similarly he provides the bequests shall not be in lieu of commissions. That is, should an alternate be called he would be entitled to the commissions earned as an executor besides his legacy. Commissions of an executor imply consideration running to the estate for services rendered. A legacy is a gift without consideration. With three living executors who are now rendering their accounting it would be possible for them to settle the estate and be discharged in which event the calling of alternate executors could never arise. If all eight are now paid as an administration expense the four alternates would have the money and none might ever be able to act even if later called and such payment would be without consideration. Administration expenses imply consideration like publishing notice to creditors, service of citations, earned commissions of executors and the like. Furthermore, there is no certainty that under clause seventeenth any of the alternates, if called, would be entitled to letters if objections under section 94 of the Surrogate's Court Act were made and sustained. Likewise the calling executors are not limited to the four alternates named but only " in so far as may be practicable." If it were proven not practical the calling executors could appoint other than those named in clause seventeenth. To say that by merely being named in a will as possibly callable makes them entitled to payment now is going pretty far. It is more logical to conclude that the testator's intention was to have always three executors until the estate was settled; that when there were less than three, the acting executors should add from the alternates to keep the number at three, or if the alternate list became exhausted nominate any other; that the executors and alternates when acting as such executors should receive the regular executor's commissions, and that those known to and selected by the testator by name should be given a legacy of $25,000 each in addition.

Decree accordingly.